UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHENA GRICE,<br><br>    *Plaintiff,*<br><br>v.<br><br>VIM HOLDINGS GROUP, LLC, MICHAEL D'AMBROSE, HIRSCH MOHINDRA, B FINANCIAL, LLC, JOHN BARTLETT, U SOLUTIONS GROUP, LLC, THERESA D'AMBROSE, GLOBAL SERVICE GROUP, LLC, RUTH POUTANEN, KRW ATTORNEYS & ASSOCIATES, LLC, and GEORGE WAHBEH,<br><br>    *Defendants.* | Case No. 1:17-cv-_____ |

## NOTICE OF REMOVAL

Pursuant to 28 *U.S.C.* §§ 1441, *et seq.*, Defendants VIM Holdings Group LLC ("VIM"), Michael D'Ambrose, B Financial LLC ("B Financial"), John Bartlett, U Solutions Group LLC ("U Solutions"), Theresa D'Ambrose, Global Service Group LLC ("Global Service"), Ruth Poutanen, KRW Attorneys and Associates, LLC ("KRW"), and George Wahbeh (collectively, "Defendants"), by and through their attorneys, Locke Lord LLP, for the purpose of removing this case to the United States District Court for the District of Massachusetts, respectfully state:

    **1.**    **State Court Action.**  Plaintiff Sheena Grice ("Grice") filed a *Complaint and Jury Demand* ("*Complaint*") against Defendants on or about April 21, 2017 in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, being numbered Civil Action No.: 1784-

CV-01222 on the docket of said Court, a copy of said Complaint is attached hereto as **<u>Exhibit A</u>**.[1]

    **2.**    **<u>Federal Jurisdiction</u>.**  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

    a.    Grice resides in Roslindale, Massachusetts. *Complaint*, ¶ 4.

    b.    None of the defendants is a citizen of Massachusetts.

        (i)    Michael D'Ambrose is a resident and citizen of the state of Illinois.

        (ii)    John Bartlett is a resident and citizen of the state of Illinois.

        (iii)    Theresa D'Ambrose is a resident and citizen of the state of Illinois.

        (iv)    Ruth Poutanen is a resident and citizen of the state of Wisconsin.

        (v)    George Wahbeh is a resident and citizen of the state of Illinois.

        (vi)    VIM is a limited liability company organized under the laws of the state of Delaware with its principal place of business in the state of Illinois. The sole member of VIM is Michael D'Ambrose. Therefore, VIM is deemed a citizen of the state of Illinois.[2]

        (vii)    B Financial is a limited liability company organized under the laws of the state of Delaware with its principal place of business in the state of Illinois. The sole member of B Financial is John Bartlett. Therefore, B Financial is deemed a citizen of the state of Illinois.

---

[1] Notwithstanding that certain personal and private information was filed by Plaintiff unredacted, Defendants have endeavored to redact personal and private information of Plaintiff contained in <u>Exhibit A</u> pursuant to Local Rule 5.3.

[2] A limited liability company is deemed to be a citizen of the same states as each of its members. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra,* 661 F.3d 124, 125 (1st Cir. 2011).

    (viii)   U Solutions is a limited liability company organized under the laws of the state of Wyoming with its principal place of business in the state of Illinois. The sole member of U Solutions is Michael D'Ambrose. Therefore, U Solutions is deemed a citizen of the state of Illinois.

    (ix)   Global Service is a limited liability company organized under the laws of the state of Delaware with its principal place of business in the state of Illinois. The sole member of Global Service is the Global Family Trust, a traditional trust. The sole trustee of Global Family Trust is Elliot Wiczer, who is a citizen of Illinois. Therefore, VIM is deemed a citizen of the state of Illinois.[3]

    (x)   KRW is a limited liability company organized under the laws of the state of Illinois with its principal place of business in the state of Illinois.[4] The members of KRW are Muhammad Khalil, and Alex Rosen, and George Wahbeh each of whom is a citizen of the state of Illinois.

Accordingly, Defendants are citizens of the states of Illinois and Wisconsin for purposes of diversity jurisdiction. 28 U.S.C. §1441(c)(1).

---

[3] Defendants assert that the citizenship of a traditional trust is determined by the citizenship of its trustee. *Wang by & through Wong v. New Mighty U.S. Trust*, 843 F.3d 487, 495 (D.C. Cir. 2016) (a traditional trust . . . assumes its trustees' citizenship for diversity jurisdiction). Out of an abundance of caution, however, Defendants note that diversity would still exist if the citizenship of the beneficiaries of the trust were also considered because the beneficiary of the Global Family Trust is also citizen of the state of Illinois. *See Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 749–50 (4th Cir. 2016) (declining the decide trust diversity test where the record "reflects diversity exists whether the trustees, the trust beneficiaries, or both are the subject of the citizenship requirement").

[4] KRW was administratively dissolved on or about May 13, 2016. For the purposes of removal, however, it remains a proper party because a dissolved LLC may still be sued under Illinois law and is solely liable for any claims against it. *Puleo v. Topel*, 368 Ill. App. 3d 63, 70, 856 N.E.2d 1152, 1158 (2006).

AM 66341135.3

    c. On information and belief, including representations from Plaintiff's counsel, named defendant Hirsh Mohindra has not been served. *See Gentile v. BioGen IDEC, Inc.*, 934 F. Supp. 2d 313, 321 n.7 (D. Mass. 2013) ("[U]nserved defendants are excluded from the rule of unanimity because [i]t would be impractical, if not impossible, to require unserved defendants to join in the notice of removal." (quotation and citation omitted)); *Suter v. Redland Ins. Co.*, No. 12-10656-RWZ, 2012 WL 5240124, *3 (D. Mass. Oct. 24, 2012) (the rule of unanimity only applies to other defendants who have been served).

    d. The *Complaint,* which incorporates by reference a demand letter to Defendants, alleges that Grice is entitled to damages in excess of $135,500 directly caused by Defendants' purported wrongful actions. *Complaint*, ¶¶ 117, 129, *Prayer for Relief*, ¶¶ c) – e), and demand letter dated February 19, 2017, *Complaint*, Ex B. Accordingly, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).[5]

  **3.** **Proper Venue.** This court is the proper district court for removal because the Superior Court of Massachusetts for Suffolk County is located within the United States District Court for the District of Massachusetts.

  **4.** **Timeliness of Removal Petition.** Grice filed this *Complaint* on April 21, 2017. Defendants Global Service, VIM, and B Financial received a copy of the summons and Complaint through their respective registered agents on April 24, 2017. Defendants KRW and George Wahbeh each received a copy of the summons and *Complaint* on April 25, 2017. Defendant U Solutions received a copy of the summons and *Complaint* through its registered

---

[5] Because Plaintiff's *Complaint* asserts a claim a federal statute, 15 U.S.C. §§ 1692, *et seq.*, federal question jurisdiction also exists pursuant to 28 U.S.C. § 1331.

- 4 -

agent on April 26, 2017. [6] To date, Defendants Michael D'Ambrose, John Bartlett, Theresa D'Ambrose and Ruth Poutanen have not received a copy of the summons and *Complaint* as individuals, which, on information and belief, Plaintiff has attempted to serve via certified mail. Accordingly, this *Notice of Removal* is timely under 28 U.S.C. § 1446(b) as it is filed within thirty (30) days of service as computed under applicable Federal Rule(s).

5. **Compliance.**  Defendants will promptly file a copy of this *Notice of Removal* with the Clerk of the Superior Court for Suffolk County, where this action is pending and will serve such notice on Grice in compliance with 28 U.S.C. §1446(d).  In compliance with Local Rule 81.1(a), Defendants shall file certified or attested copies of all records and proceedings in the Superior Court and a certified or attested copy of all docket entries in the Superior Court docket with 28 days of the filing of this notice.

6. **Relief Requested.**  Defendants respectfully request that the United States District Court for the District of Massachusetts accept this *Notice of Removal*, and that it assume jurisdiction of this cause of action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

---

[6] Defendants expressly reserve their respective rights to raise all available defenses in their first responsive pleading, including lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted.

- 6 -

Respectfully submitted,

/s/ Benjamin R. Davis
John A. Houlihan, BBO #542038
Benjamin R. Davis, BBO #673017
Locke Lord LLP
111 Huntington Avenue
Boston, MA  02199
617-239-0820
Benjamin.Davis@lockelord.com
John.Houlihan@lockelord.com

*Attorney for Defendants*
VIM Holdings Group LLC, Michael D'Ambrose, B Financial LLC, John Bartlett, U Solutions Group LLC, Theresa D'Ambrose, Global Service Group LLC, Ruth Poutanen, KRW Attorneys and Associates, LLC, and George Wahbeh

Dated: May 22, 2017

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 22nd day of May, 2017, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

/s/ *Benjamin R. Davis*