**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SHEENA GRICE,
    Plaintiff

v.

VIM HOLDINGS GROUP, LLC, MICHAEL
D'AMBROSE, HIRSCH MOHINDRA, B
FINANCIAL, LLC, JOHN BARTLETT, U
SOLUTIONS GROUP, LLC, THERESA
D'AMBROSE, GLOBAL SERVICE GROUP, LLC,
RUTH POUTANEN, KRW ATTORNEYS &
ASSOCIATES, LLC, and GEORGE WAHBEH
    Defendants

C.A. No.: 1:17-cv-10944-WGY

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants VIM Holdings Group LLC ("VIM Holdings"), Michael D'Ambrose, John Bartlett, Theresa D'Ambrose, Global Service Group LLC ("Global Service"), Ruth Poutanen, KRW Attorneys and Associates, LLC ("KRW"), and George Wahbeh (collectively, "Moving Defendants"), by and through their respective undersigned attorneys, and hereby submit this Memorandum of  Law in support of its motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because the Court lacks personal jurisdiction over Defendants.

## BACKGROUND FACTS[1]

On July 14, 2015, the Plaintiff, Sheena Grice, applied for and received a $200 loan through the www.guaranteedcashnow.net website. *Compl.* ¶ 31. As Plaintiff expressly acknowledges, the *Consumer Line of Credit Agreement* ("*Agreement*") "govern[s] the Loan" and indicates that B Financial LLC ("B Financial") is the lender. *Compl.* ¶ 33, Exhibit A[2] Global Service began making automatic debits on behalf of B Financial from her Citibank account shortly after she received the $200 loan. *Compl.* ¶¶ 12, 41. At some unspecified time she closed her Citibank account to prevent further debits from her account. *Compl.* ¶ 42. Upon her closing of her Citibank account, she began receiving phone calls from representatives of U Solutions Group LLC ("U Solutions") on behalf of B Financial seeking her authorization to make automatic withdrawals from her new bank account. *Compl.* ¶¶ 10, 43. Plaintiff also alleges that on June 14, 2016, George Wahbeh sent her a letter under KRW letterhead via email seeking her authorization to make automatic withdrawals from her new bank account. *Compl.* ¶¶ 45, 114.

Plaintiff brings causes of action against all defendants for violation of the Massachusetts Debt Collection Practices Act, *Mass. Gen. Laws* ch. 93 § 24 (Count II), Fraud (Count IV), Civil Conspiracy to Commit Fraud (Count V), and violation of the Massachusetts Consumer Protection Act, *Mass. Gen. Laws* ch. 93A § 2 (Count VI). Plaintiff also asserts claims against VIM Holdings and B Financial for violation of the Massachusetts Small Loans Law, *Mass. Gen. Laws* ch. 140 §§ 96-113 (Count I) and against VIM Holdings, B Financial, U Solutions,

---

[1] The following facts are assumed to be true for the sole purpose of the instant motion and in no way constitute admissions in this case.

[2] The Moving Defendants properly rely on facts set forth in "documents the authenticity of which are not disputed by the parties, official public records, documents central to the plaintiff's claim, and documents

Global Service, KRW, and George Wahbeh for violation of the Federal Fair Debt Collection Practices Act, 15 *U.S.C.* §1692 (Count III).

VIM is a limited liability company organized under the laws of the state of Delaware with its principal place of business in the state of Illinois. *Compl.* ¶ 5. Global Service is a limited liability company organized under the laws of the state of Delaware with its principal place of business in the state of Illinois. *Compl.* ¶ 12. KRW is a limited liability company organized under the laws of the state of Illinois with its principal place of business in the state of Illinois. *Compl.* ¶ 14. Neither Michael D'Ambrose, nor John Bartlett, nor Theresa D'Ambrose, nor Ruth Poutanen, nor George Wahbeh is domiciled in Massachusetts. *See Defendants' Notice of Removal* [Dkt. # 1].

The only involvement George Wahbeh and KRW had in this matter was the drafting of a single piece of correspondence dated June 14, 2016, which was addressed generically to Plaintiff's "employer." *Declaration of George Wahbeh* (*Wahbeh Dec.*), ¶ 4, attached hereto as **Exhibit 1**. The correspondence did not contain a mailing address. *Id.* at ¶ 5. Mr. Wahbeh did not cause to be mailed or otherwise transmitted the June 14, 2016 correspondence or any communication to Plaintiff or her employer. *Id.* at ¶ 6. He has never communicated with Plaintiff directly by phone or any other means. *Id.* at ¶ 7.

VIM Holdings Group LLC had no involvement in the origination, servicing, or any other activity related to Plaintiff's loan. *Declaration of Michael D'Ambrose* (*D'Ambrose Dec.*), ¶ 14, attached hereto as **Exhibit 2**. John Bartlett had no involvement in the origination, servicing, or any other activity related to Plaintiff's loan. *Id.* at ¶ 15. Theresa D'Ambrose had no involvement in the origination, servicing, or any other activity related to

---

sufficiently referred to in the complaint." *See Wilborn v. Walsh*, 584 F. Supp. 2d 384, 386 (D. Mass. 2008) (quoting *Watterson v. Page*, 897 F.2d 1, 3-4 (1st Cir. 1993)).

Plaintiff's loan.   *Id.* at ¶16. Ruth Poutanen had no involvement in the origination, servicing, or any other activity related to Plaintiff's loan.   *Id.* at ¶ 17.

## **ARGUMENT**

**I.      THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MOVING DEFENDANTS.**

### **A.      It is Plaintiff's Burden to Establish that this Court has Personal Jurisdiction.**

It is well established that the plaintiff bears the burden of proving that a court has *in personam* jurisdiction over the defendant. *Walsh v. National Seating Co.*, 411 F. Supp. 564, 568 (D. Mass. 1976); *Diamond Group, Inc. v. Selective Distribution Intern., Inc.,* 84 Mass. App. Ct. 545, 548 (2013). The plaintiff must make a *prima facie* case that jurisdiction is appropriate by "go[ing] beyond the pleadings" to "make affirmative proof" of jurisdiction. *Dodora Unified Commc'n, Inc. v. Direct Info. Pvt. Ltd.*, 379 F. Supp. 2d 10, 13 (D. Mass. 2005) (quoting *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992)). Furthermore, "[p]laintiffs may not rely on unsupported allegations in their pleadings," *Boit*, 967 F.2d at 675, but are "obliged to adduce evidence of specific facts…" *Foster-Miller, Inc. v. Babcock & Wilcox Can.*, 46 F.3d 138, 145 (1st Cir. 1995).

"For a nonresident to be subject to personal jurisdiction in Massachusetts, there must be a statute authorizing jurisdiction and the exercise of jurisdiction must be consistent with basic due process requirements mandated by the United States Constitution." *Bulldog Inv'rs Gen. P'ship v. Sec'y of Com.*, 457 Mass. 210, 215, 929 (2010). Separate analysis of the Massachusetts long-arm statute is not necessary because Plaintiff must demonstrate that the exercise of jurisdiction pursuant to that statute comports with Due Process. *Shirokov v. Dunlap, Grubb & Weaver, PLLC*, No. CIV.A. 10-12043-GAO, 2012 WL 1065578, at *12 (D. Mass. Mar. 27, 2012); *see also Hannon v. Beard,* 524 F.3d 275, 278 (1st Cir. 2008) ("Because we have

construed the Massachusetts long-arm statute to be coextensive with the limits allowed by the United States Constitution, we often sidestep the statutory inquiry and proceed directly to the constitutional analysis.").

This Court has held that the Due Process Clause requires that "in order to subject a defendant to a judgment *in personam*… he [must] have certain minimum contacts with it such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Kim v. Veglas*, 607 F. Supp. 2d 286, 294 (D. Mass. 2009) (quoting *Phillips v. Prairie Eye Center*, 530 F.3d 22, 27 (1st Cir. 2008) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). It is the nonresident's contacts with the *forum state* that are of interest in determining if in personam jurisdiction exists, not its contacts with a resident.

### B.      There is no basis for general jurisdiction.

 "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011). For business entities, the inquiry is not just whether the in-forum contacts are "continuous and systematic," but rather, "whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, ⸺ U.S. ⸺, 134 S.Ct. 746, 761, 187 L.Ed.2d 624 (2014) (quoting *Goodyear*, 564 U.S. at 919, 131 S.Ct. 2846). Thus, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction" in all but the most "exceptional" cases. *Id.* at 760-61, n.19 (quotation omitted).

As discussed above, none of the corporate defendants operates a "continuous and systematic" portion of its business in Massachusetts as to make it "at home" in this forum.

Moreover, none of the individual defendants is domiciled in Massachusetts. Accordingly, there is no general jurisdiction over any of the Moving Defendants.

**C.      There is no basis for specific jurisdiction.**

The First Circuit uses a three-part inquiry to determine whether the Constitution permits the exercise of specific jurisdiction. First, the claims "must relate to or arise out of the defendant's contacts in the forum." *EMC Corp. v. Petter*, 104 F. Supp. 3d 127, 133 (D. Mass. 2015). Second, the defendant's contacts must constitute "purposeful availment of the benefits and protections" of the forum's laws. *Id.* Third, the exercise of jurisdiction must be reasonable, in light of the First Circuit's "gestalt factors." *Id.* The "gestalt factors" are: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *Id.* at 134, n.4. Plaintiff cannot satisfy these Due Process requirements as against Moving Defendants.

**1.      The Exercise of Jurisdiction Over George Wahbeh and KRW Would Violate the Minimum Contacts Requirement of the Due Process Clause.**

Plaintiff has made no showing that KRW or Wahbeh "invok[ed] the benefits and protections of Massachusetts law, thereby rendering foreseeable and reasonable its compelled presence before the courts in this state." *See Pritzker v. Yari,* 42 F.3d 53, 60, 61 (1st Cir. 1994); *Nowak v. Tak How Investment Ltd.*, 899 F. Supp. 25, 32 (D. Mass. 1995). The conduct alleged against KRW and Wahbeh amounts to a single email to Plaintiff. *Compl.* ¶¶ 45, 114. Plaintiff does not even allege that Wahbeh was aware Plaintiff was a Massachusetts resident or worked in Massachusetts when he prepared this correspondence. *Id.* In fact, the correspondence

was addressed generically to Plaintiff's employer, did not contain a mailing address, and was not mailed or otherwise transmitted by Wahbeh or KRW to anyone in Massachusetts. *Wahbeh Dec.*,¶¶ 4-7. This isolated contact is insufficient to confer jurisdiction. *See Pandey v. Giri*, 457 F. Supp. 2d 94, 101 (D. Mass. 2006) (single letter did not subject attorney or his law firm to the court's jurisdiction); *see also Rimmer v. John Doe, Inc.*, No. CIV. 13-548 JNE/JJG, 2013 WL 5655865, at *7 (D. Minn. Oct. 16, 2013) (while "numerous telephone calls, letters, or wire communications could conceivably establish personal jurisdiction in a case arising under the FDCPA . . . a single email without more, cannot establish personal jurisdiction."); *Krambeer v. Eisenberg*, 923 F.Supp. 1170 (D.Minn. 1996) (collection attorney in Connecticut who sent single letter to debtor in Minnesota was not subject to personal jurisdiction in FDCPA action brought in federal district court in Minnesota); *Ernst v. Jesse L. Riddle, P.C.*, 964 F.Supp. 213 (M.D.La. 1997) (where basis of FDCPA claim was letter sent from corporate debt collector in Utah to consumer in Louisiana, court did not have personal jurisdiction over principal of corporation  who was in Louisiana only once in previous five years and other contacts with Louisiana came as representative of corporation); *Hawkins v. Harston*, No. 93-CV-72031, 1994 WL 902366, at *3 (E.D. Mich. Jan. 31, 1994) (the transmittal of two debt collection letters were "insufficient to establish the requisite minimum contacts with the state to make the exercise of personal jurisdiction reasonable"); *see also Eubanks v. Filipovich*, No. CIV.A. 12-4299, 2012 WL 6731123, at *5 (E.D. Pa. Dec. 27, 2012) ("minimal exchange of emails and phone calls [does]  not subject the defendant to jurisdiction in the forum state").

The facts of *Krambeer* are nearly identical to this case. In *Krambeer*, a Connecticut attorney who was not licensed to practice law in Minnesota and did not own property there sent a letter to a Minnesota resident regarding a debt owed to a third party.  *Krambeer*, 923 F. Supp.

At 1172. The plaintiff filed suit alleging violations of the Fair Debt Collection Practices Act as a result of this letter. *Id.* at 1173. The District Court of Minnesota found that the attorney's "contacts with Minnesota consist of a single debt collection letter sent to Plaintiff." *Id.* at 1174. The court further found that the single letter to the plaintiff in Minnesota was insufficient to establish that the attorney should reasonably anticipate being haled into court in Minnesota, noting that "the use of interstate mail or telephone alone is insufficient to establish minimum contacts with the forum state" and this "rule applies even with the item mailed into the forum state is the basis for the ensuing lawsuit." *Id.* at 1175. Finding personal jurisdiction based on such limited contacts would be constitutionally impermissible, the court therefore granted the attorney's motion to dismiss for lack of personal jurisdiction. *Id.* at 1176.  The Court should reach the same result here.

> **2.    The Exercise of Jurisdiction Over VIM Holdings and Global Service Would Violate the Minimum Contacts Requirement of the Due Process Clause.**

Nearly all of Plaintiff's allegations against VIM Holdings are all made in the alternative with respect to B Financial and they all arise from the $200 loan she applied for and received through the www.guaranteedcashnow.net website on July 14, 2015. *Compl.* ¶ 31. The *Agreement*, which Plaintiff alleges "govern[s] the Loan," provides that B Financial was the lender. *Compl.* ¶ 33, Exhibit A. As has been demonstrated in Defendants' Motion to Dismiss under Rule 12(b)(6), Plaintiff's agreement was formed with B Financial not VIM Holdings. *D'Ambrose Dec.*, ¶¶ 6-13. Moreover, VIM Holdings had no involvement in the origination, servicing, or any other activity related to Plaintiff's loan. *Id.* at ¶ 14. Accordingly, exercising personal jurisdiction on VIM Holdings would be constitutionally impermissible.

Plaintiff's allegations against Global Service are limited to the automatic account

withdrawals that Plaintiff authorized under the *Agreement. Compl.* ¶¶ 41, 47. Such routine banking activity is plainly insufficient to confer jurisdiction over Global Service. *See Randall D. Jones D.D.S., P.A. v. E-Z Pay Servs., Inc.*, No. CIV. 06-6043, 2006 WL 2927479, at *2 (W.D. Ark. Oct. 12, 2006) ("to the extent that [the defendant] is merely debiting bank accounts of Arkansas residents, the Court finds such activity does not confer personal jurisdiction over [it]"). Accordingly, exercising personal jurisdiction over Global Service would be constitutionally impermissible.

### 3. The Exercise of Jurisdiction over Michael D'Ambrose, John Bartlett, Theresa D'Ambrose and Ruth Poutanen Would Violate the Minimum Contacts Requirement of the Due Process Clause.

Plaintiff does not allege that Michael D'Ambrose, John Bartlett, Theresa D'Ambrose, and Ruth Poutanen took any actions in relation to Plaintiff nor or does she allege that any of them reside or have substantial contacts in Massachusetts. Nor could she. Therefore, personal jurisdiction can only exist over these defendants on a theory of agency—specifically, that B Financial or U Solutions acted as their agent in their alleged interactions with Plaintiff. It is axiomatic that "jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation." *Johnson Creative Arts, Inc. v. Wool Masters, Inc.,* 573 F.Supp. 1106, 1111 (D. Mass. 1983); *see La Vallee v. Parrot–Ice Drink Products of America, 280 Inc.,* 193 F. Supp. 2d 296, 300 (D. Mass. 2002).[3] "For jurisdictional purposes, employees are 'not to be judged  according their  employer's  activities [but by whether they  were]  primary

---

[3] To the extent that Plaintiff asserts personal jurisdiction on the basis of her conspiracy allegations, the First Circuit has never accepted the conspiracy doctrine of personal jurisdiction. *New Motor Vehicles Canadian Exp. Antitrust Litig.*, No. MDL 1532, 2004 WL 1571617 (D. Me. Apr. 20, 2004) ("The Supreme Court has labeled the conspiracy doctrine in the venue context as having 'all the earmarks of a frivolous albeit ingenious attempt to expand the statute.'") (citing *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 (1953)); *see also Openrisk, LLC v. Roston*, 90 Mass. App. Ct. 1107, 59 N.E.3d 456 (2016) (noting Massachusetts rejects the theory as well).

participants in the alleged wrongdoing intentionally directed at the forum.'" *M-R Logistics, LLC v. Riverside Rail, LLC*, 537 F. Supp. 2d 269, 279–80 (D. Mass. 2008) (quoting *La Vallee*, 193 F. Supp. 2d at 301)). This requires Plaintiff to show that B Financial or U Solutions engaged in conduct in Massachusetts relating to Plaintiff for the benefit of and with the knowledge and consent of each of the individual defendants and that each individual defendant exercised some control over B Financial or U Solutions in the matter. *Id.*

Plaintiff has not met that burden. *See N. Laminate Sales, Inc. v. Matthews*, 249 F. Supp. 2d 130, 139 (D.N.H. 2003) ("the forum-state contacts of a corporation may be attributed to an individual who is an officer, director, or shareholder of the corporation when evidence is presented that shows that the corporation is the alter ego of the individual, or where other circumstances permit the court to pierce the corporate veil); *see also Gingras v. Rosette*, No. 5:15-CV-101, 2016 WL 2932163, at *9 (D. Vt. May 18, 2016) ("But Plain Green's contacts with Vermont are not vicariously attributed to its officials any more than directors of a corporation are subject to suit personally in any forum where the actions of the corporation satisfy the minimum contacts test."); *Karabu Corp. v. Gitner,* 16 F.Supp.2d 319, 324 (S.D.N.Y.1998) (Sotomayor, J.) (Plaintiff "must sufficiently detail [each] defendant's conduct so as to persuade a court that the defendant was a 'primary actor' in the specific matter in question"—"conclusory allegations that the defendant controls the corporation" will not suffice). Indeed, courts "routinely" grant 12(b)(2) motions by individuals where the allegations about the individual's participation in the specific matter at hand are "broadly worded and vague." *Gerstle v. Nat'l Credit Adjusters, LLC*, 76 F. Supp. 3d 503, 510 (S.D.N.Y. 2015).

Plaintiff has made only conclusory allegations against Michael D'Ambrose and no allegations against the remaining individuals. Accordingly, all of the individual defendants should be dismissed from this case.

### CONCLUSION

For the foregoing reasons, and those that may be advanced at oral argument, defendants VIM Holdings Group LLC, Michael D'Ambrose, John Bartlett, Theresa D'Ambrose, Global Service Group LLC, Ruth Poutanen, KRW Attorneys and Associates, LLC, and George Wahbeh respectfully request that the Court dismiss the *Complaint* against them for lack of personal jurisdiction.

Respectfully Submitted,

The Defendants
VIM Holdings Group LLC, Michael
D'Ambrose, B Financial LLC, John
Bartlett, U Solutions Group LLC, Theresa
D'Ambrose, Global Service Group LLC,
Ruth Poutanen,

Dated:  October 10, 2017                              By their attorneys:

__/s/ Mark Rossi_____
Mark C. Rossi, Esq. (BBO: 662376)
 Bostonian Legal Group, LLC
One Boston Place, 26th Floor
Boston, Massachusetts 02108
617-956-0956 (telephone)
877-266-0957 (facsimile)
MCR@BostonianLegal.com

The Defendant KRW Attorneys and
Associates, LLC, and George Wahbeh
By their attorneys,

Dated:  October 10, 2017

*/s/ Susan E. Cohen*
Susan E. Cohen, BBO # 553353
Steven E. DiCairano, BBO # 694228
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210-2261
Telephone: (617) 951-2100
scohen@peabodyarnold.com
sdicairano@peabodyarnold.com

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that on July 13, 2017, prior
counsel for the Defendants, Benjamin R. Davis, conferred with the plaintiff's counsel, who did
not assent to the relief sought in this motion. This motion is being re-filed by successor counsel
and said undersigned counsel directs the Court's attention to the original Motion and
Memorandum of July 14, 2017 (Docket # 22), which contains Attorney Davis' certification as
well.

Dated: 10/10/ 2017                          */s/ Mark C. Rossi*
                                            Mark C. Rossi, Esquire

## CERTIFICATE OF SERVICE

I, the undersigned counsel on behalf of all parties filing here, hereby certify that on the
10th day of October, 2017, this document, filed through the ECF system, will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing
(NEF), and paper copies will be mailed to those indicated as non- registered participants.

Dated: 10/10/ 2017                          */s/ Mark C. Rossi*
                                            Mark C. Rossi, Esquire